Rafael Arguelles Fernández, demandante y apelado, *v.* Pedro Cosme y Providencia Rivera, demandados y apelantes.

No. 6246.—*Sometido:* Mayo 17, 1933. *Resuelto:* Mayo 24, 1933.

*Armando A. Miranda,* abogado de los apelantes; *Ignacio Morales Acosta,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Éste es un caso de desahucio. Se inició en la Corte de Distrito de Bayamón en marzo de 1932. Después de celebrada la vista el demandante pidió que se le tuviera por desistido. Accedió la corte. No conformes los demandados apelaron y su apelación fué declarada con lugar. *Arguelles v. Cosme,* 44 D.P.R. 169. Volvió el pleito a la corte de distrito de su origen que dictó sentencia sobre los méritos, desestimando la demanda sin especial condenación de costas.

---

* Nota: Véase el prefacio.

El último párrafo de la relación del caso y opinión en que se basa la sentencia, dice:

"La demanda debe ser, y es, declarada sin lugar, sin especial imposición de costas. El demandado obtuvo permiso para litigar como pobre, conforme a la sección 7 de la Ley No. 17 de 1915, y relevado del pago de costas, por lo que no ha incurrido en las mismas. El abogado del demandado se expresó en el sentido de prestar gratuitamente sus servicios a dicho demandado dadas sus condiciones de pobreza. El secretario registrará sentencia de conformidad."

Otra vez apelaron los demandados. Se quejan del pronunciamiento sobre costas. Sostienen que éstas debieron imponerse a la parte demandante y a nuestro juicio tienen razón.

No se trata del ejercicio del poder discrecional de la corte, pero si se tratara, tendríamos que resolver que las circunstancias concurrentes en el caso exigían que el demandante fuera condenado en costas, ya que su temeridad surge clara de los autos. Él mismo reconoció que demandó sin razón al desistir del pleito.

Se trata de una interpretación errónea de la ley. Lo que llevó a la corte a no imponer las costas al demandante fué su creencia de que habiendo litigado como pobres los demandados, tales costas no existían, especialmente cuando su abogado se había expresado en el sentido de prestar gratuitamente sus servicios.

De los autos no aparece renuncia alguna por parte del abogado de los demandados con respecto al cobro de sus honorarios y en cuanto a la procedencia de las costas en casos de insolvencia se ha resuelto por la jurisprudencia "que a menos que por ley se prohiba recobrarlas, una persona que demanda *in forma pauperis* puede recobrar las costas si obtiene la victoria en el litigio, aunque no las hubiere satisfecho." Véase 15 C. J. 239 y casos citados. Y en Puerto Rico no hay ley que lo prohiba.

Se comprende perfectamente que así sea. Los tribunales de justicia se sostienen a un costo generalmente elevado. El

pueblo adelanta lo necesario para satisfacerlo de las contribuciones generales que se impone él mismo por medio de su Legislatura, habiendo además dispuesto que algo satisfagan los que a ellos directamente acuden. Como existen litigantes que nada pueden pagar por razón de su insolvencia y quizá tengan razón, ha acordado que se les exima del pago de los derechos que fija el arancel, ordenando a sus funcionarios que le presten gratis sus servicios, a reserva de que si obtienen un fallo favorable y la parte que se opuso a su contienda lo hizo con temeridad, recaiga sobre ella la obligación de satisfacer no sólo sus propias costas si que también las que debió pagar su adversario. "Y en todos los casos civiles," dice la sección 5 de la Ley creando los taquígrafos-repórters, "en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitado para satisfacer las costas requeridas por la ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal, en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las costas cuando fueren impuestas a la parte que pudiese pagarlas."

Igual sucede con los honorarios de abogado. La profesión debe siempre estar lista para defender no sólo al que cuenta con recursos materiales, si que también al insolvente. El mismo esfuerzo mental, las mismas horas de trabajo, necesita dedicar en ambos casos, con la sola diferencia de que en el primero comienza cobrando o pudiendo cobrar sus servicios y en el segundo comienza su trabajo sin percibir remuneración alguna, y si pierde, sin remuneración se queda. Si gana, nada más justo que se imponga al litigante temerario el deber de satisfacer a la parte victoriosa el valor razonable de los servicios de su abogado a fin de que pueda ella a su vez pagar su deuda.

A virtud de todo lo expuesto *debe modificarse la sentencia recurrida eliminando de ella las palabras "sin especial condenación de costas," sustituyéndolas por las que siguen: "con las costas al actor," y así modificada, confirmarse.*